J-S03031-15
J-S03032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESSE N. MCNAMARA | |
| Appellant | No. 1854 EDA 2014 |

Appeal from the Judgment of Sentence November 29, 2012
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000380-2012

-------------------------------------------------------------------------------------

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESSE N. MCNAMARA | |
| Appellant | No. 1855 EDA 2014 |

Appeal from the Judgment of Sentence November 29, 2012
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000278-2012

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                        **FILED APRIL 06, 2015**

Jesse N. McNamara appeals, *nunc pro tunc*, from the judgments of sentence both entered November 29, 2012, in the Wayne County Court of Common Pleas, following her guilty pleas, in two separate cases, to charges of, *inter alia*, driving under the influence of controlled substances (DUI) and

identity theft.[1]  The trial court imposed an aggregate sentence of 36 to 78 months' imprisonment.  Contemporaneous with these appeals, in each case, McNamara's counsel has filed a petition to withdraw from representation and an *Anders* brief.[2]  *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).  Both *Anders* briefs assert the trial court abused its discretion in failing to consider mitigating factors before imposing the aggregated sentence.  Further, the appeal at 1854 EDA 2014 ("Docket No. 380-2012") also raises the trial court's decision to impose the sentence consecutively to the sentence appealed at 1855 EDA 2014 ("Docket No. 278-2012").  For the reasons that follow, we affirm the judgments of sentence, and grant counsel's petitions to withdraw.

The procedural history underlying these appeals is as follows.  On October 11, 2012, McNamara entered a guilty plea in two cases:  (1) at Docket No. 278-2012, she pled guilty to DUI, driving while operating privilege is suspended, possession of drug paraphernalia, and recklessly endangering another person (REAP); and (2) at Docket No. 380-2012, she

---

[1] 75 Pa.C.S. § 3802(d)(1)(ii), and 18 Pa.C.S. § 4120(a), respectively.

[2] Because both appeals involved the aggregate sentence imposed on all of the charges, we address the appeals in a single memorandum.

pled guilty to one count of identity theft.[3]   McNamara was sentenced on November 29, 2012, to an aggregate term of 36 to 78 months' imprisonment.   Specifically, at Docket No. 278-2012, the court imposed consecutive sentences of two to six months for DUI, six to 12 months for possession of paraphernalia, and 12 to 24 months for REAP.[4]  At Docket No. 380-2012, the court imposed a term of 16 to 36 months' incarceration for identity theft, which the court directed run consecutively to the sentence at Docket No. 278-2012.  The trial court further ordered that the aggregate sentence for both dockets would run concurrently to a sentence McNamara was then serving on an unrelated matter at Docket No. 38-2011.  The trial court then "immediately paroled" McNamara from her prior sentence so that she could begin serving her aggregate sentence in these cases.   N.T., 11/29/2012, at 11.

McNamara filed a timely motion for reconsideration of sentence, contending the trial court failed to properly weigh certain mitigating factors which would have justified a sentence below the guideline range.  The trial court never ruled on the motion for reconsideration, and no direct appeal was filed.

_____

[3] 75 Pa.C.S. §§ 3802(d)(1)(ii) and 1543(a); 35 P.S. 780-113(a)(32); and 18 Pa.C.S. §§  2705 and 4120(a), respectively.

[4] McNamara was ordered to pay a $200 fine for the charge of driving while operating privilege is suspended.

- 3 -

On September 12, 2013, McNamara filed a *pro se* PCRA[5] petition. Counsel was appointed, and filed an amended petition on January 24, 2014, asserting, *inter alia*, trial counsel's ineffectiveness for failing to file a requested direct appeal. Following a hearing conducted on May 5, 2014, the trial court entered an order reinstating McNamara's direct appeal rights, *nunc pro tunc*, and appointing Ashley G. Zimmerman, Esquire, to represent her on appeal. Thereafter, Zimmerman petitioned to withdraw as counsel due to a conflict of interest. On May 28, 2014, the trial court granted her petition to withdraw, appointed Steven E. Burlein, Esquire as counsel, and provided him with an additional 30 days to file a *nunc pro tunc* notice of appeal. This timely appeal followed.[6]

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Here, our review of the record reveals counsel has complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Specifically, at each appellate docket, counsel filed a petition for leave to withdraw, in which he states his

---

[5] Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[6] On July 18, 2014, in response to a directive by the trial court, Burlein filed a "Statement of Intent to File an **Anders**/**McClendon** Brief" pursuant to Pa.R.A.P. 1925(c)(4).

belief that the appeal is frivolous, filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to McNamara and advised McNamara of her right to retain new counsel or proceed *pro se*. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Further, McNamara has filed a *pro se* response to counsel's **Anders** briefs, in which she raises another sentencing claim. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

The issues identified in counsel's **Anders** briefs challenge the discretionary aspects of McNamara's sentences. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Edwards**, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

McNamara complied with the procedural requirements for this appeal by filing a post-sentence motion for reconsideration of sentence and a timely notice of appeal. Moreover, counsel included in the **Anders** brief a statement of reasons relied upon for appeal pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must consider whether McNamara raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, McNamara contends the trial court failed to consider mitigating circumstances when imposing an aggregate sentence of 36 to 78 months' imprisonment, and the court erred in directing the sentence at Docket No. 380-2012 run consecutively to the sentence at trial Docket No. 278-2012.

Preliminarily, we note that McNamara failed to challenge the court's imposition of consecutive sentences in her motion for reconsideration. Accordingly, that claim is waived for our review. **See Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003) (holding appellant's failure to raise "the specific claim regarding the sentencing court's alleged failure to

state the reasons for his sentence on the record" either at sentencing or in his post sentence motion waives the claim for appellate review), *appeal denied*, 831 A.2d 599 (Pa. 2003).

Furthermore, a claim that the trial court failed to consider mitigating circumstances does not raise a substantial question justifying our review. *See Commonwealth v. Rhoades*, 8 A.3d 912, 918-819 (Pa. Super. 2010) ("[A]n allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review."), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, 132 S.Ct. 1746 (U.S. 2012). Where, as here, a trial court had the benefit of a pre-sentence investigation report, we will presume the trial court was "aware of all appropriate sentencing factors and considerations." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted). Accordingly, McNamara is entitled to no relief on the issues identified in counsel's *Anders* briefs.

In her *pro se* response, McNamara raises an additional sentencing claim, namely, that she was not given proper credit for time served.[7] In support of this position, McNamara states that she began serving her prior

---

[7] "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence[.]" *Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted), *appeal denied*, 944 A.2d 756 (Pa. 2008).

sentence, for Docket No. 38-2011, on April 4, 2012. Therefore, when she was sentenced on November 29, 2012, for the present charges, she had already served 239 days of that prior sentence. Further, she claims that when the trial court directed the sentence for her present charges run **concurrently** to the sentence at Docket No. 38-2011, she should have received credit for the 239 days she had already served on the 2011 charges because her "time [for the present charges] should have started on April 4th 2012 when [she] began serving [her] time for no. 38-2011." *Pro Se* Response to *Anders* brief, 10/26/2014, at 1-2. However, she argues, the prison records reflect her "start time" as November 29, 2012. *Id.* at 1.

McNamara is mistaken. Pennsylvania Rule of Criminal Procedure 705 provides, in relevant part:

> (B) When more than one sentence is imposed at the same time on a defendant, **or when a sentence is imposed on a defendant who is sentenced for another offense**, the judge shall state whether the sentences shall run concurrently or consecutively. **If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.**

Pa.R.Crim.P. 705(B) (emphasis supplied). Therefore, regardless of the fact that McNamara's 2012 sentences were ordered to run concurrently with the 2011 sentence she was then serving, her 2012 sentences did not commence **until the date they were imposed**, November 29, 2012. Moreover, our review of the sentencing transcript reveals the trial court **intended** the 2012 sentences to begin running on the date they were imposed, and not

retroactively to April 4, 2012.[8]  **See** N.T., 11/29/2012, at 11 ("You're immediately paroled from your sentence to number 38-2011 **to begin serving this sentence**.  There's **no credit time towards this particular sentence**, and you're not RRI eligible.") (emphasis supplied).  Accordingly, no relief is warranted on this claim.

Because we agree with counsel's assessment that McNamara's appeals are wholly frivolous, we affirm the judgments of sentence and grant counsel's petitions to withdraw.

Judgments of sentence affirmed.  Petitions to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015

_____

[8] Indeed, McNamara was not even **charged** with the instant offenses until July 3, 2012 (Docket No. 278-2012) and September 19, 2012 (Docket No. 380-2012).

J-S03031-15
J-S03032-15